UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BOPP TRUST, ET AL**                          **CIVIL ACTION**

**VERSUS**                                     **NO. 09-6828**

**CAPITAL ONE, N.A.**                          **SECTION B(4)**


<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 7). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

Under 28 U.S.C. § 1441, a civil action may be removed by a defendant "to the district court of the United States for the district and division embracing the place where such action is pending," if the district court may exercise subject matter jurisdiction over the action. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Federal courts are courts of limited jurisdiction, and the burden of establishing federal jurisdiction is on the removing party. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Statutes conferring removal jurisdiction are to be strictly construed in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).

## 1. Diversity Jurisdiction

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ...citizens of different states." 28 U.S.C. § 1332(a)(1). Since *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), the Supreme Court has interpreted this language as meaning that "[a] controversy is not 'between citizens of different states' so as to give jurisdiction to the federal courts, unless all the persons on one side of it are citizens of different states from all the persons on the other side." *Id.* Importantly, the "determination of one's State Citizenship for diversity purposes is controlled by federal law, not by the law of any State." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

Furthermore, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). 28 U.S.C. § 1348 provides in part, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The Supreme Court has concluded that for the purposes of defining "located" in § 1348, citizenship of a national bank is "in the State designated in [the bank's] articles of association as its main office." *Wachovia Bank v. Schmidt*, 546

U.S. 303, 318 (2006). Recognizing the need for establishing "jurisdictional parity" between national and state banks, the Fifth Circuit found that "located" referred to "a national bank's principal place of business as well as the state specified in the bank's articles of association." *Horton v. Bank One*, 387 F.3d 426, 431 (5th Cir. 2004) citing *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001).

Plaintiffs concede that Capital One is a national bank. As such, for the purposes of diversity, the defendant's citizenship should be determined by 28 U.S.C. § 1348. It is evidenced by exhibits attached to Defendant's Memorandum in Opposition to Motion to Remand and as stated in Capital One's articles of association, that Defendant is a national bank with an established location in McLean, Virginia. (Rec. Doc. No. 11). Capital One was at the time the petition was filed and still remains a citizen of Virginia for purposes of this court's subject matter jurisdiction. Therefore, complete diversity under 28 U.S.C. § 1332 exists between the parties.

### 2. Effect of Louisiana law on Defendant's citizenship

LSA-R.S. 6:355(E) is cited by Plaintiffs as providing support for this Court to determine that Defendant should be considered a citizen of Louisiana, thereby destroying diversity. The statute provides in part that "any claim existing or action or proceeding pending by or against any such constituent banks may be prosecuted

3

to judgment as if such merger or consolidation had not taken place, *or the surviving or new bank may be proceeded against or substituted in place of such constituent bank*." LSA-R.S. 6:355(E)(emphasis added). When a state bank is converted to a national bank, the certificate of authority of the converting state bank will automatically terminate upon completion of the conversion. LSA-R.S. 6:362. Furthermore, the resulting national bank shall be considered the same business and corporate entity as the converting bank, maintaining all rights and obligations. LSA-R.S. 6:363.

Upon the conversion of the Louisiana state bank Hibernia to the national bank of Capital One, Hibernia ceased to exist as a Louisiana chartered bank. Any existing obligations of Hibernia transferred to Capital One under Louisiana law. Since Hibernia no longer exists as an authorized Louisiana business (*See* Def.'s Exs. A-C), the plaintiffs may only prosecute their claim against the "surviving bank," which is Capital One. As such, it is appropriate to apply 28 U.S.C. § 1348 in determining defendant's citizenship for the purpose of establishing diversity. Accordingly, remand is not appropriate in this instance.

New Orleans, Louisiana this 22nd day of February, 2010.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE

4