UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOPP TRUST, ET AL.               *       CIVIL ACTION
                                 *
VERSUS                           *       NO. 09-6828
                                 *
CAPITAL ONE, N.A.                *       SECTION "B"(4)

ORDER AND REASONS

Before the Court is Defendant, Capital One N.A.'s ("Capital One") Motion for Summary Judgment (Rec. Doc. No. 26) and Plaintiffs' Motion for Summary Judgment (Rec. Doc. No. 27) to which both parties have filed memoranda in opposition at Rec. Doc. Nos. 30 and 32 respectively.  After review of the pleadings and applicable law and for the reasons herein articulated,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No. 26) be **GRANTED IN PART** and **DENIED IN PART; GRANTED** to the extent that all claims of Plaintiffs for damage to the constructions on the land are hereby dismissed, and **DENIED** to the extent that all claims arising from alleged damage to the real property itself are hereby allowed to proceed to trial.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit to the court on or before, but **NO LATER THAN THURSDAY, MAY 12, 2011**, supplemental briefing addressing both the type of damage to the real property itself caused by the noted Hurricanes as well as the marketability of the property and any additional damages sought.

1

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Rec. Doc. No. 27) be and is hereby **DENIED**.

## I. *Cause of Action and Facts of Case*

This breach of contract case is before the Court upon removal from the Thirty Fourth Judicial District Court, Parish of Saint Bernard. The instant dispute centers on two lease contracts, the first executed on May 20, 1958, the second on December 20, 1963. (Rec. Doc. Nos. 26-4 at 1; 26-5 at 1). Plaintiffs' predecessors were the original lessors, Defendant's predecessor was the original lessee.[1] The leases at issue, the 1963 lease containing identical language to the 1958 lease in all pertinent respects, expired in May, 2008. Following the execution of the 1958 lease, Defendant's predecessor, St. Bernard Bank & Trust Company ("SBBT") constructed a bank building on the property; this building was used through August, 2005 when the building suffered damage due to Hurricanes Katrina and Rita. (Rec. Doc. No. 26-2 at 2). Plaintiffs point out that the four original lessors were also members of SBBT's Board of Directors at the time of execution of the lease. (Rec. Doc. No. 27-1 at 2).

Pursuant to the terms of the contracts, ownership of all improvements transferred to Plaintiffs upon termination of the

---

[1] Rec. Doc. No. 22-1 at 1. Original lessee, St. Bernard Bank & Trust Company was acquired by Hibernia National Bank which assumed both commercial leases and, in early 2006, Hibernia National Bank became Capital One; Capital One subsequently assumed the leases at issue. Rec. Doc. No. 27-1 at 3.

lease in May of 2008.  (Rec. Doc. No. 26-2 at 2).  Plaintiffs seek the costs of repairs to the improvements on the leased property, loss of rental income, court costs and attorney's fees.  *Id*. Paragraph one of the 1958 lease states:

> Lessors do by these presents lease unto the lessee, for the term and for the consideration hereinafter set forth, and subject to the conditions and stipulations herein, the following described property, to-wit:
> <u>A CERTAIN TRACT OR PORTION OF GROUND</u>, together with all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in anywise appertaining, situated in Arabi . . .

Rec. Doc. No. 26-4 at 1.  The fourth paragraph of Section three and the entirety of section six of both the 1958 and 1963 leases are the focus of the parties' contentions.  Paragraph three states, in pertinent part:

> The rental or consideration specified above shall be net to the Lessors, free of any and all costs and expenses incurred in complying with the above conditions, and any and all costs or expenses or liability for damages in connection with the property shall be paid by Lessee.

Rec. Doc. Nos. 26-4 at 2, 26-5 at 3.  Paragraph six states:

> All buildings and improvements erected upon this said property, and all fixtures, immovable by destination, attached to said buildings and improvements shall become the property of the Lessors at the expiration or termination of this lease.

Rec. Doc. Nos. 26-4 at 4; 26-5 at 4.  At issue is whether Defendant is liable for the cost of repairs to the constructions or improvements made to or constructed upon the leased property following damage sustained due to Hurricanes Katrina and Rita.

## II. *Parties' Contentions*

3

A. *Contentions of Movant*

Movant's primary contention is simply stated "there is simply no basis to suggest that there is a duty on the part of Capital One to restore the building to its pre-damaged condition." (Rec. Doc. No. 26-2 at 8). Capital One contends that the language of section one, quoted *supra* makes clear that the property description "denotes only land, wherein no reference is made to any buildings and/or improvements to be constructed thereon." (Rec. Doc. No. 26-2 at 6). As such, Capital One submits that Plaintiffs' reliance on section three is "misplaced" as the word "property" in that section "refers only [to] the land, not the subsequently constructed improvements made by the lessee." *Id*. at 5. Capital One argues alternatively and without citing to supporting authority that, were the Court to find that the provisions of Paragraph three of the lease applied to those constructions on the land made by the lessee "the lessee would nevertheless not be responsible for damages caused by an unforeseen event, such as a hurricane, in the absence of an express assumption by the lessee of an obligation to make repairs caused by casualty." (Rec. Doc. No. 26-2 at 9).

B. *Contentions of Respondents*

Respondents, Plaintiffs, repeat throughout their opposition to Defendant's motion and in their own summary judgment motion that their predecessors, the original lessors were also the lessees. They point out that all four original lessors were also members of

the SBBT Board of Directors and "were leasing the subject property to themselves." (Rec. Doc. NO. 27-41 at 4). They attach to their opposition, an extract from a SBBT's Board of Directors meeting on May 8, 1958 wherein the Board agreed to enter a construction contract with Union Construction Company "for the erection of a bank building to be erected on land to be leased by the Bank . . . ." (Rec. Doc. No. 30-1 at 5). Plaintiffs contend that, the fact of this document's execution prior to execution of the May 1958 lease proves that the Lessors "intended that references in the two leases . . . addressed [*sic*] both the land and the bank building that was being erected, and . . . that [SBBT], under the 1958 lease, would be responsible for all costs and any damages to the land and the bank building, regardless of the origin." (Rec. Doc. No. 30 at 3).

Plaintiffs' Second Supplemental and Amending Petition for Breach of Contract states, in paragraph eight:

> Hurricanes Katrina and Rita caused severe damages to the leased premises, including flood damage, wind damage, and wind-driven rain damage to the structures on the leased premises *and to the real property itself*. Defendant has failed and continues to fail to restore and/or renovate the damages to the premises that Hurricanes Katrina and Rita caused. Defendant surrendered said premises on May 1, 2008, without having performed any renovation or repairs to the structure *or real property*, breaching its contacts with the plaintiffs.

Rec. Doc. No. 1-2 at 33 (emphasis supplied). However, in neither their own summary judgment motion nor their opposition to Capital One's motion do Plaintiffs support their contention that Capital

One owes a duty to "restore and/or renovate the damages" caused by the Hurricanes.

In their own summary judgment motion, Plaintiffs cite *Board of Com'rs of the Port of New Orleans v. Lexington Ins.*, 549 F.Supp.2d 795 in which the court held that a lease provision allowing lessee to terminate the lease if the facility became unusable was a valid escape clause and thus, lessee was allowed to terminate the lease. (Rec. Doc. No. 27-41 at 7). Plaintiffs argue that, as the leases at issue here to not contain similar escape clause, "Capital One remains liable to the Plaintiffs under the plain wording" of the leases. *Id*. However, Plaintiffs make scarce mention of the express provision of the lease at issue in *Board of Com'rs* stating "[e]xcept as provided herein, Lessee agrees that it shall at its own cost, risk and expense promptly and with due diligence repair, replace, or restore any and all of the Leased Premises which may become the subject of loss, damage or destruction, however caused." 549 F.Supp.2d at 797, n.5. Such an express provision creating a duty to "replace, or restore any and all of the Leased Premises" does not exist in the instant leases.

Plaintiffs contend that the word "property" in paragraph three of the leases at issue encompasses the bank building erected on the property after execution of the lease and thus, Capital One has breached its duty or duties under the leases to restore or renovate the damages.

6

III. *Law and Analysis*

A. *Summary Judgment Standard*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

In the instant case, there exists no genuine issue of fact as to whether the leases, as worded, give rise to a duty to repair

damage to the building erected on the subject property. As written, in unambiguous terms, it does not appear that Lessors were under any duty to erect any construction or restore any construction to an original state before termination of the lease and the attendant transfer of ownership of any improvements thereon erected.

However, there remains a genuine issue of fact as to whether Capital One is liable to Plaintiffs for the damage to the real property itself caused by Hurricanes Katrina and Rita. Plaintiffs mention such damage in their Second Supplemental and Amending Complaint as discussed *supra* at Rec. Doc. No. 1-2 at 33 and at other places in the record but do not give specifics.[2]

New Orleans, Louisiana, this 28TH day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2] *See* Rec. Doc. No. 30 at 2 "When Hurricane Katrina struck in 2005 . . . [it] caused extensive damages to both the building *and real property* covered by the two commercial leases." *See also* Rec. Doc. No. 27-1 at 3 stating same.